David N. Kleinmann (DK 5452)
**TARTER KRINSKY & DROGIN LLP**
475 Wall Street
Princeton, NJ 08540
Tel.: (609) 683-9494
Fax: (609) 683-7490
*Attorneys for WithumSmith+Brown, PC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------- x

|  |  |
|---|---|
| WITHUMSMITH+BROWN, PC, | Civil Action No. 3:21-cv-04853-MAS-LHG |
| Plaintiff, |  |
| v. | **AMENDED COMPLAINT** |
| ROBERT SCHACHTER and WILLIAM KOUSER, |  |
| Defendants. |  |

------------------------------------------------------------- x

Plaintiff WithumSmith+Brown, PC ("Withum" or "Plaintiff"), by and through its undersigned counsel, for its Amended Complaint against Robert Schachter ("Schachter") and William Kouser ("Kouser"; collectively, with Schachter, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action by Withum to (i) protect its trade secrets and other confidential information from misappropriation, possession, and use by two former Withum employees—Schachter and Kouser—who downloaded and misappropriated confidential information and trade secrets including onto one or more external storage devices; (ii) to enforce its rights under certain agreements between Withum and Schachter and Kouser concerning pre and post-employment activities; and (iii) to address breaches of duties of loyalty and unfair competition by Schachter and Kouser.

2.      Withum seeks injunctive relief under the relevant agreements as well as monetary damages and attorneys' fees, as explained more fully below.

## PARTIES

3.      Withum is a Professional Corporation organized and existing under the laws of the State of New Jersey, with places of business in New Jersey including 1 Tower Center Boulevard, East Brunswick New Jersey 08816 and 200 Jefferson Park, Suite 400, Whippany New Jersey 07981.

4.      On information and belief, Robert Schachter resides at 256 Patriot Hill Drive, Basking Ridge, New Jersey 07920.

5.      On information and belief, William Kouser resides at 5 Kimberlee Court, Sewell, New Jersey 08080.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, specifically the Defend Trade Secrets Act, 18 U.S.C. § 1836.

7.      Defendants Schachter and Kouser are subject to general and specific jurisdiction in this Court because they are residents of the State of New Jersey and this District.

8.      Venue in this District is proper under 28 U.S.C. §1391(b) because all defendants reside in this District.

## BACKGROUND

9.      Withum is a firm that provides tax, audit, advisory and wealth services to businesses and individuals.

10.     Withum develops relationships with clients who range from individuals to large commercial businesses.  Withum prepares tax returns and other submissions, performs audits, provides accounting services and advises clients on a variety of tax and accounting related

matters.  Withum also provides clients with a range of sophisticated advisory services as part of its product offerings.

11.      Withum employs individuals such as Schachter and Kouser to provide these services, manage customer relationships, attract and develop new opportunities from existing clients, and plan, market, and develop future opportunities.

12.      Withum expends financial resources to support these efforts, by paying the significant salaries of employees such as Schachter and Kouser to perform such services as well as, without limitation, (1) hiring support staff to assist with maintaining and servicing client relationships, (2) reimbursing business expenses, and (3) providing its employees with the supplies and resources, including the software needed to service Withum's clients.

13.      Withum also provided employees like the Defendants with the opportunity to provide services to clients that other Withum employees had originated.

14.      Many clients have stayed with Withum for multiple years and were reasonably expected to remain with Withum for many years and Withum has a legitimate protectable interest in its client relationships.

15.      Schachter joined Withum in November 2014 as a Tax Partner.

16.      Kouser joined Withum in December 2017 as a Tax Senior Manager pursuant to a written agreement.

17.      Both Schachter and Kouser were assigned to the New York, New York Withum office.

Schachter Enters into the Employment Agreement

18.      On or about November 17, 2014, Schachter entered into an employment agreement with Withum which contained certain restrictive covenants without duress, fraud, or

coercion.  This agreement contained certain client-based restrictive covenants and excluded from such covenants a set list of clients should Schachter become a voting shareholder of Withum or leave Withum within five (5) years (on or before November 16, 2019).

19.     On or about December 15, 2015, after a little more than one year of service at Withum, Schachter willingly signed and entered into a subsequent employment agreement with Withum (the "Schachter Employment Agreement"[1]) without duress, fraud, or coercion.

20.     Schachter's employment was at will, and was able to be terminated without cause upon two (2) months' notice.

21.     In section 2A of the Schachter Employment Agreement, Schachter agreed that he would "[p]erform to the best of his ability all duties assigned to him and will carry out the policies of [Withum]", "[d]evote his or her full time and attention to the business and the performance of his or her position", "[u]se his or her best efforts, skills and abilities to promote [Withum's] interest", "[c]omply with all ethical and legal restrictions and requirements applicable to certified public accountants licensed by the State of New Jersey and/or the state in which the Employee delivers accounting services", and "[c]omply with all membership requirements of the AICPA and to continue membership in good standing with the AICPA and NJSCPA and/or any other similar society of any other state in which [Schachter] delivers accounting services."

22.     In Section 6B of the Schachter Employment Agreement, Schachter agreed, *inter alia*, that he would "not, directly or indirectly, at any time during or after the term of this Agreement give to any person, not authorized by the Employer in writing to receive it, or use

---

[1] A true and correct copy of the Schachter Employment Agreement, with attached client list omitted, is attached hereto as Exhibit "A".

himself, except for the sole benefit of the Employer . . . [a]ny of the secrets (that is, things not generally known to others in the Employer's industry) of the Employer [or a]ny information relating to the finances, operation or management of the Employer[.]"  Withum has a legitimate protectable interest in its confidential information and trade secrets.

23.     In Section 9 of the Schachter Employment Agreement, Schachter agreed, *inter alia*, that he would not "disclose . . . directly or indirectly, or use . . . in any way, either during the term of this Agreement or at any later time" Withum's trade secrets, including Withum's processes and compilations of information and records and specifications that are owned by Withum and are regularly used in the operation of the business of Withum.

24.     In Sections 10(A)(i) and 10(D)(i) of the Schachter Employment Agreement, Schachter agreed that he could not directly or indirectly service any Withum client, for a period of twelve months following his termination, who was a client of Withum at least twelve months before Schachter's termination.

25.     This client-based restrictive covenant is narrowly tailored to protect Withum's legitimate interest in its goodwill and is not overbroad.  Withum only seeks to enforce the covenant concerning those clients that Schachter serviced or otherwise had substantive interactions with at Withum.

26.     To the extent that this covenant covers clients with which Schachter had an actual active pre-existing client relationship prior to joining Withum, as identified on a list attached to the Schachter Employment Agreement, Schachter agreed that if he provided services to Withum for longer than 5 years, which would be on or after November 17, 2019, he would have no such pre-existing rights in such clients.

27.     The goodwill in clients that Schachter had actual active pre-existing client relationships in had been maintained for six years at Withum's expense and the goodwill in all such clients now belong exclusively to Withum.  In the alternative, these covenants can be blue-penciled to exclude such clients as specifically permitted by the Schachter Employment Agreement in the absence of a legitimate protectable interest.

28.     In Section 10(B)(ii), the Schachter Employment Agreement specifically provides that any portion of the agreement found to be unreasonable shall be modified by the court, reducing the length of time to make the provision reasonable.

29.     In Section 10(B) of the Schachter Employment Agreement, Schachter agreed that a breach or threatened breach of his covenant not to service any Withum client would cause immediate and irreparable injury entitling Withum to an injunction.

30.     In Section 10(D)(ii) of the Schachter Employment Agreement, Schachter agreed that for clients who were ultimately serviced directly or indirectly by him upon leaving Withum, he was obligated under the Schachter Employment Agreement to pay the greatest aggregate fees charged to each such client at standard rates for any twelve consecutive months beginning on the date twelve months prior to termination through twelve months after termination.

31.     Schachter was obligated to begin making payments six (6) months from the date the first bill is submitted to the former Withum client by Schachter or the firm with which he is then associated.

32.     Schachter has repudiated this obligation to Withum and refused to pay such amounts or identify when such first bill(s) were submitted.  The repudiation is an anticipatory breach of Schachter's obligations.

33.     Schachter's Employment Agreement is governed by the laws of the State of New Jersey and contains a venue provision identifying the state and federal courts of the State of New Jersey as having venue over disputes.

34.     Schachter's Employment Agreement contains a provision permitting Withum to recover its reasonable attorneys' fees and costs as a prevailing party.

<u>Schachter's Employment Ends</u>

35.     On or about July 27, 2020, Schachter was advised that his employment would end no earlier than 60 days from that time.

36.     On or about September 14, 2020, Schachter was provided a proposed Confidential Separation Agreement and General Release with Withum (the "Schachter Separation Agreement").

37.     On or about September 25, 2020, Schachter willingly signed and entered the Schachter Separation Agreement without duress, fraud, or coercion.

38.     Pursuant to the Schachter Separation Agreement, Schachter received $79,515.00, minus withholdings and deductions, that he was otherwise not entitled to receive.

39.     The Schachter Separation Agreement also provided Schachter with an early payout in full of Schachter's Shadow Stock in the amount of $31,474.70.

40.     In the Schachter Separation Agreement, Schachter agreed that his last day of employment would be September 30, 2020.

41.     Schachter agreed to return Withum's confidential materials (Schachter Separation Agreement, Sec. 1), explicitly referenced and incorporated into the Schachter Separation Agreement the continuing obligations from "any agreement relating to . . . non-solicitation of

customers [or] non-disclosure of confidential information" (Schachter Separation Agreement, Sec. 10), and provided a general release to Withum (Schachter Separation Agreement, Sec. 3).

42. In or around September 2020, Schachter began working for Insight Accounting Group, LLC ("Insight").

43. Upon information and belief, Schachter incorporated Insight in New Jersey on September 23, 2020.

Kouser Enters into an Employment Agreement with Withum

44. On or about July 1, 2018, Kouser willingly signed and entered into an employment agreement with Withum (the "Kouser Employment Agreement"[2]) without duress, fraud, or coercion.

45. Under the Kouser Employment Agreement, Kouser's employment was at will and was able to be terminated for any reason.

46. The Kouser Employment Agreement included narrowly tailored client-based covenants and averments by Kouser that he would devote his time and effort to his job duties.

47. Section 3.0 of the Kouser Agreement states that "[Kouser] agrees to devote all of his/her time and efforts to the performance of his/her job duties and to the performance of such other duties as assigned by supervisors."

48. The Kouser Employment Agreement also contains restrictions regarding the possession and use of confidential information.  In Section 10.2(A) of the Kouser Employment Agreement, Kouser agreed not to "use or disclose or allow anyone else to use or disclose any Confidential Information."

---

[2] A true and correct copy of the Kouser Employment Agreement, with attached client list omitted, is attached hereto as Exhibit "B".

49.     Confidential Information was defined under the Kouser Employment Agreement explicitly included "all information that Employee knows or has reason to know regarding the Company or its clients or which the Company treats as confidential or proprietary for any purposes, including without limitation, all client information and any compilations thereof, technical information . . . methodologies . . . know-how, knowledge . . . client and prospect lists, trade secrets . . . financial information . . . and other information not available to the general public."

50.     Upon termination, Kouser promised to return all such Confidential Information, including trade secrets, to Withum.

51.     Kouser further agreed that he could not directly or indirectly service any Withum client for a period of twenty-four months following his termination unless he compensated Withum for the loss of the client by paying a "Compensation Amount" equal to the greatest aggregate fees billable to such clients at Withum's standard rates for any twelve (12) consecutive months beginning on the date twelve (12) months prior to the termination and ending twelve (12) months after termination.

52.     Until this Compensation Amount was determined, Kouser agreed to make payments based on the aggregate fees charged to those clients during the twelve (12) months prior to his termination.  This Estimated Compensation Amount would be payable over thirty-six (36) monthly installments beginning three (3) months after the first services are provided to those clients by Kouser or the firm with which he was associated.

53.     This client-based restrictive covenant is narrowly tailored to protect Withum's legitimate interest in its goodwill and is not overbroad.  Withum only seeks to enforce the

covenant concerning those clients that Kouser serviced or otherwise had substantive interactions with at Withum.

54.     Although more than three (3) months have passed since Kouser and Insight provided services to clients Kouser serviced or otherwise had substantive interactions with at Withum, and although Withum has made due demand for payment, Kouser has failed to pay any installment of the Estimated Compensation Amount.

55.     Section 11 of the Kouser Employment Agreement is an arbitration clause.  The arbitration clause expressly permits Withum to seek "temporary or preliminary injunctive relief in aid of arbitration or for the maintenance of the status quo pending arbitration."

56.     Kouser has asserted an affirmative defense that an arbitration provision is not enforceable.

57.     Withum and Kouser have mutually agreed to forego arbitration in favor of litigation in this District.

58.     Kouser agreed that Withum would be entitled to injunctive relief in the event of breaches of the non-service of clients and confidential information restrictive covenants.

59.     Withum has a legitimate protectable interest in the clients that Kouser serviced at Withum and in its confidential information and trade secrets.

60.     The Kouser Employment Agreement explicitly provided for modification of the covenants by the Court if a Court found a restriction exceeded the necessary scope.

61.     The Kouser Employment Agreement includes New Jersey choice of law provisions.

Kouser's Employment Ends

62.     In or about August 2020, Kouser was given notice that his employment would end at a future date.

63.     Kouser was provided a proposed Confidential Separation Agreement and General Release with Withum (the "Kouser Separation Agreement").

64.     On or about November 5, 2020, Kouser willingly signed and entered the Kouser Separation Agreement without duress, fraud, or coercion.

65.     Pursuant to the Kouser Separation Agreement, Kouser received $26,123.34, minus withholdings and deductions, that he was otherwise not entitled to receive.

66.     In the Kouser Separation Agreement, Kouser agreed that his last day of employment had been October 30, 2020.

67.     Kouser agreed, among other things, to return Withum's confidential materials in return for the payment provided in the Kouser Separation Agreement (Kouser Separation Agreement, Sec. 1), explicitly referenced and incorporated into the Kouser Separation Agreement the continuing obligations from "any agreement relating to . . . non-solicitation of customers [or] non-disclosure of confidential information" (Kouser Separation Agreement, Sec. 10), and provided a general release to Withum (Kouser Separation Agreement, Sec. 3).

68.     In or around December 2020, Kouser joined Insight with Schachter.

Schachter and Kouser Elect to Service Withum Clients

69.     In or about November 2020, Withum was contacted by Stuart Rosenberg of MSC Partners, LP ("MSC"), who asked Withum to provide tax locators to Schachter and Kouser at Insight.

70.     MSC informed Withum that they intended to have their taxes serviced by Schachter and Kouser for 2020.

71.     MSC Partners, LP, was a Withum client during the twelve-month period before Schachter and Kouser's terminations.

72.     On or about December 2, 2020, a letter was sent to Schachter from Withum reminding him of his contractual obligations and demanding payment pursuant to Section 10 of the Schachter Employment Agreement.

73.     Since that time and while at Insight, Schachter and Kouser have been involved, directly or indirectly in the servicing of approximately 50 Withum clients that they serviced at Withum in their last 12 months of employment.

<u>Schachter and Kouser's Pre-Departure Breaches</u>

74.     Following the revelation that Schachter and Kouser were planning to or had begun, directly or indirectly servicing Withum's clients, Withum undertook an investigation into both Schachter and Kouser's pre-departure activities.

75.     As a result of Withum's investigation, Withum was able to determine that Schachter, among other things, over the last two weeks of his employment, downloaded approximately 6000 documents from Withum's Box account to a laptop belonging to Withum that he utilized.  Schachter then copied documents, including confidential information and trade secrets, from Withum's laptop to several external storage drives.

76.     Schachter took information that be downloaded from Withum's Box account and did not return it despite the obligations in the Schachter Employment Agreement and Schachter Separation Agreement requiring that he do so.

77.    Kouser too downloaded or moved thousands of documents from Withum's Box account to the laptop of Withum he used, after learning of his last date of employment, including after Schachter had started at Insight and after a time when, upon information and belief, Kouser intended to join Insight.

78.    Upon information and belief, Kouser downloaded and misappropriated documents from Withum including client lists, business compilations, audit materials, and other information which constitute trade secrets under the Kouser Employment Agreement, the common law, New Jersey statutes and the Defend Trade Secrets Act.

79.    Schachter's computer history confirmed the use of several external drives to which Withum's confidential information and trade secrets were copied prior to Schachter's termination date and approximately at the time he was incorporating Insight in New Jersey.

80.    The documents downloaded by Schachter from Box and which he was able to save on external drives, and which, upon information and belief he did save on external drives included client lists, business compilations, audit materials, and other information which constitute trade secrets under the Schachter Employment Agreement, the common law, New Jersey statutes and the Defend Trade Secrets Act.

81.    For example, the downloaded confidential information and trade secrets included a three-year billing realization comparison by partner report.  This document is properly classified as a trade secret as it included, *inter alia*, all clients over that three-year period attributed to Schachter, the amount billed for Work-in-Progress, the realization rate, and the associated profit and loss.

82.    There was no legitimate business purpose for the copying, downloading, or moving of these documents by Schachter and Kouser.  Employees are able to work within Box

without needing to download files.  Further, the files taken right at the end of Schachter and Kouser's period of employment were not needed during those time periods to provide services to clients on behalf of Withum.  The only reason for Kouser and Schachter to have downloaded this volume of information would be if each intended to misappropriate such information.  This occurred when Schachter copied files onto external storage devices.

83.    Schachter has admitted in a sworn certification, to downloading, taking, and continuing to possess Withum's confidential information and/or trade secrets after the end of his employment.[3]

84.    In a supplemental certification, Schachter further admitted to transferring Withum's confidential information and/or trade secrets to Insight's servers on two occasions.[4]

85.    In the same supplemental certification, Schachter admitted destroying hardware containing Withum's confidential information and/or trade secrets rather than, upon information and belief, returning all confidential information and/or trade secrets to Withum, as required by the Schachter Separation Agreement.

86.    Schachter has produced over 500 documents of Withum's during expedited discovery in this litigation.  The metadata of these documents shows Schachter last modified, and therefore last used, Withum's confidential information after leaving Withum.

---

[3] A true and correct copy of the May 10, 2021 Schachter Certification is attached hereto as Exhibit "C".
[4] A true and correct copy of the May 12, 2021 Schachter Supplemental Certification is attached hereto as Exhibit "D".

87.     Kouser has admitted in a sworn certification, to downloading, taking, and continuing to possess Withum's confidential information and/or trade secrets after the end of his employment.[5]

88.     Kouser has produced over 7000 documents of Withum's during expedited discovery in this litigation.  Kouser has admitted to using the confidential information of Withum that he possessed after the end of his employment.

89.     Defendants have used Withum's confidential information after the end of their employment with Withum before receiving any authority from a client to use such documents.

90.     Kouser, has admitted to uploading multiple client files taken from Withum to Insight's servers in order to facilitate his continued servicing of those clients on behalf of Insight.

91.     The information misappropriated by Schachter and Kouser concerned, in part, the clients that Schachter and Kouser serviced at Withum and are now servicing at Insight.  Upon information and belief, Schachter and Kouser took and have used information to unfairly compete with Withum and use such information to Withum's competitive disadvantage and to their advantage and the advantage of Insights.

<u>Withum Writes to Schachter and Kouser</u>

92.     On or about March 4, 2021, letters were sent by Withum to Schachter and Kouser.

93.     The letters to both Schachter and Kouser noted that they had been directly and/or indirectly servicing numerous clients that they had previously serviced at Withum.

94.     The letters to both Schachter and Kouser demanded the return of Withum's confidential information and trade secrets.

---

[5] A true and correct copy of the May 11, 2021 Kouser Certification is attached hereto as Exhibit "E".

95.     There are approximately 50 clients of Withum that Schachter and Kouser, directly or indirectly have provided services to, and pursuant to the Schachter and Kouser Employment Agreements amounts are owed to Withum as identified in the March 4 letters to each of Schachter and Kouser.  Schachter and/or Kouser asked for tax records concerning such clients which request for records could only be done on behalf of a client that Schachter and/or Kouser was servicing for Insight.

96.     In accordance with the Schachter Employment Agreement, Withum estimated the total payment due from Schachter to Withum was at least $7,793.85 per month which was required to begin "on or before 6 months from the date of the first bill submitted to any such client."

97.     To ensure compliance with the Schachter Employment Agreement, Withum demanded that Schachter provide the date the first bill was submitted to any such client.  In the absence of any such date, Withum informed Schachter that they would presume a starting date of October 1, 2020 based on other evidence known to Withum at the time.

98.     Schachter had previously repudiated the amounts owed to Withum and, in response to the March 4 letter, did not acknowledge that any amounts were owed or would be paid.

99.     In accordance with the Kouser Employment Agreement, Withum estimated the total payment due from Kouser to Withum was $16,250.16 per month which was required to begin "on or before 3 months from the date such services commenced."

100.     In accordance with the terms of the Kouser Employment Agreement, Withum demanded payment begin immediately, as at least three months had already passed from the date

Kouser first serviced at Insight clients that Kouser serviced at Withum.  Kouser has not made any such payments.

101.    Schachter and Kouser were both also informed that Withum was aware of their download in the last days of their employment thousands of documents that constituted the confidential information and trade secrets of Withum.

102.    Withum demanded the immediate return of all such documents to Withum and that Schachter and Kouser disclose whether Withum's confidential information and trade secrets were placed on the computer systems of Insight or any other third party.

103.    Schachter and Kouser were both given until March 8, 2020 to respond.

104.    Despite demanding a response by March 8, and despite the fact that both Schachter and Kouser possessed such documents and information, no substantive response was provided by either Schachter or Kouser.

105.    The information downloaded and misappropriated by Schachter and Kouser are confidential information which also constitute trade secrets because the information in those documents were developed by Withum through substantial effort, contained information kept in confidence by Withum, and was valuable because of it being confidential.  This information is not available to the general public and is otherwise not readily ascertainable.

106.    Withum took reasonable efforts to maintain the secrecy of the documents downloaded and copied by Schachter and Kouser shortly before their respective departures from Withum, including disseminating policies concerning confidential information and trade secrets, utilizing agreements such as the Employment Agreements and Separation Agreements to make sure that its employees protected Withum's confidential information and/or trade secrets, requiring passwords to be used on its computers, utilizing software to protect and control its information,

and in other ways.

107.     The documents downloaded and copied by Schachter and Kouser shortly before their respective departures constitute information from which Withum derives independent economic value, actual or potential, from not being generally known to its competitors, and not being readily ascertainable by proper means by other persons, who can obtain economic value from its disclosure or use.

108.     As the Kouser Employment Agreement required Kouser to make payments to Insight beginning three months after first servicing clients previously serviced at Withum, and as Kouser has failed to make timely payments or to return the confidential information and trade secrets he took from Withum, Kouser has breached the Kouser Employment Agreement.

109.     As the Schachter Employment Agreement required payments of the compensation amount for Withum clients serviced by Schachter, and as Schachter has repudiated any obligation to do so and failed to return the confidential information and trade secrets he took from Withum, Schachter has anticipatorily breached the Schachter Employment Agreement.

## COUNT I – BREACHES OF EMPLOYMENT AND SEPARATION AGREEMENTS
(Against Schachter)

110.     Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 109, as if fully set forth herein.

111.     The Schachter Employment Agreement constitutes a valid and binding agreement between Withum and Schachter.

112.     The Schachter Separation Agreement constitutes a valid and binding agreement between Withum and Schachter.

113.     Withum has performed all of its material obligations under the Schachter Employment Agreement.

114.    Withum has performed all of its material obligations under the Schachter Separation Agreement.

115.    Schachter breached his obligations to Withum under the Schachter Employment Agreement by, *inter alia*, (i) taking and not returning Withum's confidential information and trade secrets, (ii) using and disclosing those confidential information and trade secrets to Insight and others for his benefit and the benefit of Insight, and (iii) servicing certain of Withum's clients after the end of his employment without compensating Withum as provided by the Schachter Employment Agreement.

116.    Schachter breached his obligations to Withum under the Schachter Separation Agreement by, *inter alia*, failing to return Withum's confidential information and trade secrets to Withum following his termination.

117.    By the actions described herein Schachter has violated the Schachter Employment Agreement and the Schachter Separation Agreement.

118.    As a result of these violations, Withum has suffered damages.

119.    Schachter has not returned the Confidential Information and Trade Secrets to Withum despite due demand.

120.    Withum has no adequate remedy at law when it comes to the return of its Confidential Information and Trade Secrets the taking of which irreparably harms it.

121.    By reason of the foregoing, Withum is entitled to recover compensatory damages for Schachter's breaches of contract, in an amount to be determined at trial but exceeding $500,000 and including (a) the $79,515.00 paid to Schachter in consideration of Schachter executing the Schachter Separation Agreement plus the $31,474.70 value of Schachter's Shadow Stock, paid out early in October 2020, (b) liquidated damages for the fees associated with the

Withum clients serviced directly or indirectly by Schachter following his employment at Withum, and (c) attorneys' fees, as a prevailing party, as provided for by the agreements.

122.    Withum is also entitled to a preliminary and permanent injunction requiring (a) that Schachter return to Withum any and all confidential information and trade secrets taken from Withum; and (b) that Schachter, directly or indirectly, cease and desist any use of the confidential information and trade secrets taken from Withum.

## COUNT II – BREACHES OF EMPLOYMENT AND SEPARATION AGREEMENTS
### (Against Kouser)

123.    Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 122, as if fully set forth herein.

124.    The Kouser Employment Agreement and Kouser Separation Agreement each constitute a valid and binding agreement between Withum and Kouser.

125.    Withum has performed all of its material obligations under the Kouser Employment Agreement and Kouser Separation Agreement.

126.    The Kouser Employment Agreement contains an arbitration provision which expressly permits Withum to obtain an injunction in aid of arbitration.  Kouser has asserted a defense that the arbitration is not enforceable.

127.    Withum and Kouser have mutually agreed to forego arbitration in favor of litigation in this District.

128.    Kouser breached his obligations to Withum under the Kouser Employment Agreement by, *inter alia*, (i) taking and not returning Withum's confidential information and trade secrets, (ii) using and disclosing those confidential information and trade secrets for his benefit and the benefit of Insight, and (iii) servicing certain of Withum's clients after the end of his employment without compensating Withum as provided by the Kouser Employment Agreement.

129.    Kouser breached his obligations under the Kouser Separation Agreement by, *inter alia*, failing to return Withum's confidential information and trade secrets to Withum following his termination.

130.    By the actions described herein Kouser has violated the Kouser Employment Agreement and Kouser Separation Agreement.

131.    As a result of these violations, Withum has suffered damages.

132.    Kouser agreed in the Kouser Employment Agreement that Withum is entitled to appropriate injunctive relief.

133.    Kouser has not returned the Confidential Information and Trade Secrets to Withum despite due demand.

134.    Withum has no adequate remedy at law when it comes to the return of its Confidential Information and Trade Secrets the taking of which irreparably harms it.

135.    By reason of the foregoing, Withum is entitled to recover compensatory damages for Kouser's breaches of contract, in an amount to be determined at trial but exceeding $500,000 and including (a) the $26,123.34 paid to Kouser in consideration of Kouser executing the Kouser Separation Agreement, (b) liquidated damages for the fees associated with the Withum clients serviced directly or indirectly by Kouser following his employment at Withum, and (c) attorneys' fees, as a prevailing party, as provided for by the agreements.

136.    Withum is entitled to a preliminary and permanent injunction requiring (a) that Kouser return to Withum any and all confidential information and trade secrets taken from Withum; and (b) that Kouser, directly or indirectly, cease and desist any use of the confidential information and trade secrets taken from Withum.

## COUNT III – VIOLATION OF THE DEFEND TRADE SECRETS
## ACT OF 2016 (18 U.S.C. § 1836, et seq.)
### (Against Schachter)

137.    Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 136, as if fully set forth herein.

138.    Schachter misappropriated Withum's trade secrets in the form of, *inter alia*, client lists, business compilations, Withum and client financial information, and audit materials which demonstrate the criteria applied to client's information during audits.  Schachter copied and downloaded a large volume of other information that is properly considered a Trade Secret as well.

139.    Employees such as Schachter can work within Box without downloading any documents.  Schachter would not have downloaded the approximately 6000 documents over two weeks, nor copied files onto external drives, all after being informed he was being terminated if the documents would not be useful for his future employment at Insight.

140.    Schachter has admitted taking the documents he downloaded from Box to a flash drive.

141.    The metadata for these documents shows that they were last modified by Schachter while working at Insight and therefore used.

142.    Schachter did not return the downloaded documents upon his departure from Withum.  Schachter did not return the downloaded documents despite a subsequent demand by Withum on March 4, 2021.  Withum believes that Schachter continues to maintain such information.

143.    These documents constitute trade secrets because the information in those documents were developed by Withum through substantial effort and the information contained therein was kept in confidence by Withum and was valuable because of it being confidential.  This information is not available to the general public and is otherwise not readily ascertainable.

144.    This information are forms of business information and compilations of information and are properly considered a trade secret under the Defend Trade Secrets Act.

145.    Withum took reasonable efforts to maintain the secrecy of the documents downloaded and copied by Schachter shortly before his departure from Withum, including disseminating policies concerning confidential information and trade secrets, utilizing agreements such as the Employment Agreement to make sure that its employees protected Withum's confidential information and or trade secrets, requiring passwords to be used on its computers, utilizing software to protect and control its information, and in other ways.

146.    These documents constitute information from which Withum derives independent economic value, actual or potential, from not being generally known to its competitors, and not being readily ascertainable by proper means by other persons, who can obtain economic value from its disclosure or use.

147.    Schachter has used the information he downloaded at Withum and maintained after his employment with Withum ended.

148.    Schachter intends to continue to use the information he downloaded at Withum and maintained after his employment with Withum ended.

149.    At the time Schachter misappropriated this information, he knew that he was using improper means to acquire a trade secret and that he owed both a contractual and common law duty to Withum to both maintain the secrecy of the trade secrets and limit the improper use of the trade secrets.

150.    Schachter knew his taking the files at issue via copying to an external drive was inappropriate because it was obvious, because his AICPA ethical obligations seemingly forbid such actions, based on the Schachter Employment Agreement which prohibited the dissemination

and/or disclosure of information of this type, the Schachter Separation Agreement which required the return of such information and that Schachter was taking the documents to facilitate servicing clients at Insight who were clients at Withum.

151.   Schachter, therefore, misappropriated Withum's trade secrets as prohibited by the Defend Trade Secrets Act.

152.   Schachter's actions were willful, malicious and made in bad faith.

153.   By reason of the foregoing, Withum is entitled to recover damages for actual loss caused by the misappropriation of its trade secret(s).

**COUNT IV – VIOLATION OF THE DEFEND TRADE SECRETS
ACT OF 2016 (18 U.S.C. § 1836, et seq.)**
(Against Kouser)

154.   Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 153, as if fully set forth herein.

155.   Kouser misappropriated Withum's trade secrets in the form of, *inter alia*, client lists, business compilations, Withum and client financial information, and audit materials.  Kouser copied and downloaded a large volume of other information that is properly considered a Trade Secret as well.

156.   The information contained within the documents downloaded from Box are useful for Kouser's employment at Insight, Withum's competitor.

157.   Employees such as Kouser can work within Box without downloading any documents.  Kouser would not have downloaded thousands of documents all after being informed he was being terminated if the documents would not be useful for his future employment.

158.   Kouser has admitted taking the documents he downloaded from Box to a flash drive and using such files at Insight.

159.     Kouser did not return the downloaded documents upon his departure from Withum. Kouser did not return the downloaded documents despite a subsequent demand on March 4, 2021. Withum believes that Kouser continues to maintain such information.

160.     These documents constitute trade secrets because the information in those documents were developed by Withum through substantial effort and the information contained therein was kept in confidence by Withum.  This information is not available to the general public and is otherwise not readily ascertainable.

161.     This information are forms of business information and compilations of information and are properly considered a trade secret under the Defend Trade Secrets Act.

162.     Withum took reasonable efforts to maintain the secrecy of the documents downloaded and copied by Kouser shortly before his departure from Withum, including disseminating policies concerning confidential information and trade secrets, utilizing agreements such as the Kouser Employment Agreement to make sure that its employees protected Withum's confidential information and or trade secrets, requiring passwords to be used on its computers, utilizing software to protect and control its information, and in other ways.

163.     These documents constitute business data from which Withum derives independent economic value, actual or potential, from not being generally known to its competitors, and not being readily ascertainable by proper means by other persons, who can obtain economic value from its disclosure or use.

164.     Kouser has used the information he downloaded at Withum and maintained after his employment with Withum ended.

165.     Kouser intends to continue to use the information he downloaded at Withum and maintained after his employment with Withum ended.

166.    At the time Kouser misappropriated this information, he knew that he was using improper means to acquire a trade secret and that he owed a duty to Withum to both maintain the secrecy of the trade secrets and limit the improper use of the trade secrets.

167.    Kouser knew his taking the files at issue was inappropriate because it was obvious, because his AICPA ethical obligations seemingly forbid such actions, based on the Kouser Employment Agreement which prohibited the dissemination and/or disclosure of information of this type, the Kouser Separation Agreement which required the return of such information and that Kouser was taking the documents to facilitate servicing clients at Insight who were clients at Withum.

168.    Kouser, therefore, misappropriated Withum's trade secrets as prohibited by the Defend Trade Secrets Act.

169.    Kouser's actions were willful, malicious and made in bad faith.

170.    By reason of the foregoing, Withum is entitled to recover damages for actual loss caused by the misappropriation of its trade secret(s).

**COUNT V – VIOLATION OF THE NEW JERSEY**
**TRADE SECRETS ACT (N.J.S.A. § 56:15-1, et seq.)**
(Against Schachter)

171.    Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 170, as if fully set forth herein.

172.    The confidential information and trade secrets maintained by Withum are "Trade Secrets" as defined by the New Jersey Trade Secrets Act as the information, which includes client lists, business compilations, Withum and client financial information, and audit materials which demonstrate the criteria applied to client's information during audits, all derive independent economic value from not being generally known to and not readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

173.    Withum has taken reasonable efforts to maintain the secrecy of the confidential information and trade secrets, including disseminating policies concerning confidential information and trade secrets, utilizing agreements such as the Schachter Employment Agreement and Schachter Separation Agreement to make sure that its employees protected and/or returned Withum's confidential information and or trade secrets, requiring passwords to be used on its computers, utilizing software to protect and control its information, and in other ways.

174.    Schachter accessed and took the confidential information and trade secrets from Withum despite the fact that he had no permission from Withum to do so, as evidenced by the provisions in his employment agreement prohibiting such behavior and in his separation agreement requiring the return of such information.

175.    Schachter's actions exceeded any authorized access to the confidential information and trade secrets.

176.    Schachter's downloading and copying of the confidential information and trade secrets was via the use of improper means, as he took the materials by breaching an express or implied duty to maintain the secrecy of, or to limit the use or disclosure of, a trade secret.

177.    Schachter's behavior satisfied the definition of misappropriation under the New Jersey Trade Secrets Act.

178.    Schachter's misappropriation was willful and malicious.

179.    Withum has suffered and will continue to suffer actual damages as a result of Schachter's misappropriation of Withum's trade secrets.

180.    By reason of the foregoing, Withum is entitled to recover damages for actual loss caused by the misappropriation of its trade secret(s); for the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss; punitive damages in an

amount not exceeding twice any award made under this section; and reasonable attorney's fees incurred in an amount to be determined at trial.

### COUNT VI – VIOLATION OF THE NEW JERSEY TRADE SECRETS ACT (N.J.S.A. § 56:15-1, et seq.)
(Against Kouser)

181.   Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 180, as if fully set forth herein.

182.   The confidential information and trade secrets maintained by Withum are "Trade Secrets" as defined by the New Jersey Trade Secrets Act as the information, which includes client lists, business compilations, Withum and client financial information, and audit materials which demonstrate the criteria applied to client's information during audits, all derive independent economic value from not being generally known to and not readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

183.   Withum has taken reasonable efforts to maintain the secrecy of the confidential information and trade secrets, including disseminating policies concerning confidential information and trade secrets, utilizing agreements such as the Kouser Employment Agreement and Kouser Separation Agreement to make sure that its employees protected and/or returned Withum's confidential information and or trade secrets, requiring passwords to be used on its computers, utilizing software to protect and control its information, and in other ways.

184.   Kouser accessed and took the confidential information and trade secrets from Withum despite the fact that he had no permission from Withum to do so, as evidenced by the provisions in his employment agreement prohibiting such behavior and in his separation agreement requiring the return of such information.

185.   Kouser's actions exceeded any authorized access to the confidential information and trade secrets.

186. Kouser's downloading and copying of the confidential information and trade secrets was via the use of improper means, as he took the materials by breaching an express or implied duty to maintain the secrecy of, or to limit the use or disclosure of, a trade secret.

187. Kouser's behavior satisfied the definition of misappropriation under the New Jersey Trade Secrets Act.

188. Kouser's misappropriation was willful and malicious.

189. Withum has suffered and will continue to suffer actual damages as a result of Kouser's misappropriation of Withum's trade secrets.

190. By reason of the foregoing, Withum is entitled to recover damages for actual loss caused by the misappropriation of its trade secret(s); for the unjust enrichment caused by the misappropriation that is not taken into account in computing actual loss; punitive damages in an amount not exceeding twice any award made under this section; and reasonable attorney's fees incurred in an amount to be determined at trial.

## COUNT VII – BREACH OF DUTY OF LOYALTY
(Against Schachter)

191. Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 190, as if fully set forth herein.

192. Until his departure from Withum, Schachter owed duties to Withum including, but not limited to, a duty of loyalty.

193. Pursuant to this duty of loyalty, Schachter was forbidden from acting contrary to the employer's interest.

194. The duty of loyalty requires that Schachter, *inter alia*, whether directly or indirectly while employed, refrain from misappropriating, possessing, or failing to return Withum's confidential information and trade secrets.

195.    Schachter breached his duty of loyalty to Withum by copying, downloading, and saving to an external drive documents comprising Withum's confidential information and trade secrets for his own benefit, not Withum's.

196.    Upon information and belief, Schachter took this large amount of confidential information and trade secrets to establish a competing business.  Absent taking such information, he would have been unable to service clients.

197.    Schachter's conduct was a willful and deliberate breach of his duties to Withum at the heart of their relationship.

198.    Schachter's disloyal acts substantially permeated the period from when he received notice of his termination through his termination itself.

199.    During his employment, Schachter received compensation from Withum at times when he was in violation of his duty of loyalty to Withum.

200.    Schachter must disgorge all compensation earned during his period of disloyalty as well as pay compensatory damages.

201.    Schachter's actions have and are causing harm to Withum.

202.    It was known and certain at the time of Schachter's actions that Withum would suffer serious harm from Schachter's breach of his duty of loyalty.

203.    Schachter knew or recklessly disregarded the serious harm that would arise from the breach of his duty of loyalty to Withum.

204.    Schachter engaged in this breach of his duty of loyalty for as long as two months and concealed the breach for months following his termination.

205.    Schachter's actions are extreme and outrageous and seemingly contrary to his known ethical obligations pursuant to AICPA rules.

206.    Withum is also entitled to punitive damages in an amount to be determined at trial.

## COUNT VIII – BREACH OF DUTY OF LOYALTY
### (Against Kouser)

207.    Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 206, as if fully set forth herein.

208.    Until his departure from Withum, Kouser owed duties to Withum including, but not limited to, a duty of loyalty.

209.    Pursuant to this duty of loyalty, Kouser was forbidden from acting contrary to the employer's interest.

210.    The duty of loyalty requires that Kouser, *inter alia*, whether directly or indirectly while employed, refrain from misappropriating, possessing, or failing to return Withum's confidential information and trade secrets.

211.    Kouser breached his duty of loyalty to Withum by copying, downloading, and saving to an external drive and/or failing to return documents comprising Withum's confidential information and trade secrets for his own benefit, not Withum's.

212.    Upon information and belief, Kouser took this large amount of confidential information and trade secrets to establish a competing business.  Absent taking such information, he would have been unable to service clients.

213.    Kouser's conduct was a willful and deliberate breach of his duties to Withum at the heart of their relationship.

214.    Kouser's disloyal acts substantially permeated the period from when he received notice of his termination through his termination itself.

215.     During his employment, Kouser received compensation from Withum at times when he was in violation of his duty of loyalty to Withum.

216.     Kouser must disgorge all compensation earned during his period of disloyalty as well as pay compensatory damages.

217.     Kouser's actions have and are causing harm to Withum.

218.     It was known and certain at the time of Kouser's actions that Withum would suffer serious harm from Kouser's breach of his duty of loyalty.

219.     Kouser knew or recklessly disregarded the serious harm that would arise from the breach of his duty of loyalty to Withum.

220.     Kouser engaged in this breach of his duty of loyalty for as long as two months and concealed the breach for months following his termination.

221.     Kouser's actions are extreme and outrageous and seemingly contrary to his known ethical obligations pursuant to AICPA rules.

222.     Withum is also entitled to punitive damages in an amount to be determined at trial.

## COUNT IX – UNFAIR COMPETITION
### (Against Schachter)

223.     Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 222, as if fully set forth herein.

224.     Certain of the items taken by Schachter from Withum are not obtainable from a source other than Withum.

225.     The possession and use of information concerning clients prior to retention by those clients for use in soliciting clients is an act of unfair competition.

226.     Withum's confidential information and trade secrets has significant value.

227.     Withum has undertaken considerable expense and effort to create and keep its

confidential information and trade secrets secure and secret.

228.   Schachter, without Withum's authorization, took Withum's confidential information and trade secrets.

229.   Schachter took Withum's confidential information and trade secrets for his benefit and the benefit of his current employer, Insight, a competitor of Withum, which is patently unfair and improper.

230.   Upon information and belief, Schachter used the information he misappropriated to compete with Withum for Withum's clients.

231.   Through these actions, Schachter has engaged in acts of unfair competition. Schachter's actions were taken with the willful intent of or reckless disregard to the harm caused to Withum.   Indeed, Schachter taking of these documents appear to be in violation of his professional obligations by taking Withum's confidential information and trade secrets.

232.   Schachter, now employed by a competitor of Withum, has failed and/or refused to return Withum's confidential information and trade secrets despite due demand, and has used these materials to service Withum's clients despite restrictive covenants restricting Schachter's ability to do so.

233.   By reason of the foregoing, Withum is entitled to recover compensatory and punitive damages for Schachter's unfair competition in an amount to be determined at trial.

**COUNT X – UNFAIR COMPETITION**
(Against Kouser)

234.   Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 233, as if fully set forth herein.

235.   Certain of the items taken by Kouser from Withum are not obtainable from a source other than Withum.

236.    The possession and use of information concerning clients prior to retention by those clients for use in soliciting clients is an act of unfair competition.

237.    Withum's confidential information and trade secrets has significant value.

238.    Withum has undertaken considerable expense and effort to create and keep its confidential information and trade secrets secure and secret.

239.    Kouser, without Withum's authorization, took Withum's confidential information and trade secrets.

240.    Kouser took Withum's confidential information and trade secrets for his benefit and the benefit of his current employer, Insight, a competitor of Withum, which is patently unfair and improper.

241.    Upon information and belief, Kouser used the information he misappropriated to compete with Withum for Withum's clients.

242.    Through these actions, Kouser has engaged in acts of unfair competition.  Kouser's actions were taken with the willful intent of or reckless disregard to the harm caused to Withum. Indeed, Kouser taking of these documents appear to be in violation of his professional obligations by taking Withum's confidential information and trade secrets.

243.    Kouser, now employed by a competitor of Withum, has failed and/or refused to return Withum's confidential information and trade secrets despite due demand, and has used these materials to service Withum's clients despite restrictive covenants restricting Kouser's ability to do so.

244.    By reason of the foregoing, Withum is entitled to recover compensatory and punitive damages for Kouser's unfair competition in an amount to be determined at trial.

## COUNT XI – VIOLATION OF THE NEW JERSEY
## COMPUTER-RELATED OFFENSES ACT
### (Against Schachter)

245.     Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 244, as if fully set forth herein.

246.     Under the New Jersey Computer-Related Offenses Act, a person or enterprise is liable for, *inter alia*, "[t]he purposeful or knowing, and unauthorized altering, damaging, taking or destruction of any data, data base, computer program, computer software or computer equipment existing internally or externally to a computer, computer system or computer network."

247.     Schachter purposefully, knowingly and/or recklessly took from Withum's computer systems Withum's computer data consisting of confidential information and trade secrets.

248.     Schachter's usage of Withum's computer systems exceeded his authorized access when he accessed, copied, downloaded, and wrongfully misappropriated Withum's confidential information and trade secrets through the use of his Box access and utilization of one or more external drives to copy Withum's trade secrets from Withum's computer.

249.     Withum was damaged as a result of Schachter's unauthorized taking of Withum's computer data consisting of confidential information and trade secrets including lists concerning its clients, documents containing audit information and other compilations of information.

250.     Because Withum has been injured as a result of Schachter's actions, Withum is entitled to compensatory and punitive damages and the cost of the suit including a reasonable attorney's fee.

## COUNT XII – VIOLATION OF THE NEW JERSEY
## COMPUTER-RELATED OFFENSES ACT
(Against Kouser)

251.    Withum repeats, restates, and realleges the allegations in Paragraphs 1 through 250, as if fully set forth herein.

252.    Under the New Jersey Computer-Related Offenses Act, a person or enterprise is liable for, *inter alia*, "[t]he purposeful or knowing, and unauthorized altering, damaging, taking or destruction of any data, data base, computer program, computer software or computer equipment existing internally or externally to a computer, computer system or computer network."

253.    Kouser purposefully, knowingly and/or recklessly took from Withum's computer systems Withum's computer data consisting of confidential information and trade secrets.

254.    Kouser's usage of Withum's computer systems exceeded his authorized access when he accessed, copied, downloaded, and wrongfully misappropriated Withum's confidential information and trade secrets through the use of his Box access and utilization of one or more external drives to copy Withum's trade secrets from Withum's computer.

255.    Withum was damaged as a result of Schachter's unauthorized taking of Withum's computer data consisting of confidential information and trade secrets including lists concerning its clients, documents containing audit information and other compilations of information.

256.    Because Withum has been injured as a result of Kouser's actions, Withum is entitled to compensatory and punitive damages and the cost of the suit including a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Withum prays for judgment as follows:

A.    A preliminary and permanent injunction against Schachter, directly and indirectly, and all those working in concert with him, preventing Schachter from violating the terms of the

Schachter Employment Agreement or Schachter Separation Agreement by possessing or using Withum's confidential information and trade secrets;

      B.     A preliminary and permanent injunction against Kouser, directly and indirectly, and all those working in concert with him, preventing Kouser from violating the terms of the Kouser Employment Agreement or Kouser Separation Agreement by possessing or using Withum's confidential information and trade secrets;

      C.     An order requiring Schachter, Kouser, and all those working in concert with them to return to Withum's counsel any and all hard or electronic copies of confidential information and trade secrets that Schachter and Kouser took from Withum and to identify any third-party to whom Schachter and/or Kouser provided the information taken from Withum;

      D.     For compensatory damages against Schachter, for breaching the Schachter Separation Agreement, for violating the Defend Trade Secrets Act, for violating the New Jersey Trade Secrets Act, for violating the New Jersey Computer-Related Offenses Act, for breaching his duty of loyalty, and for unfair competition, in an amount to be determined at trial but not less than $79,515.00 paid as consideration for executing the Schachter Separation Agreement, plus the $31,474.70 value of Schachter's Shadow Stock, paid out early in October 2020, plus the fees associated with the Withum clients serviced directly or indirectly by Schachter following his termination, plus the actual loss caused by Schachter's misappropriation of the trade secrets, plus any unjust enrichment caused by the misappropriation of the trade secrets;

      E.     For compensatory damages against Kouser, for breaching the Kouser Separation Agreement, for violating the Defend Trade Secrets Act, for violating the New Jersey Trade Secrets Act, for violating the New Jersey Computer-Related Offenses Act, for breaching his duty of loyalty, and for unfair competition, in an amount to be determined at trial but not less than

$26,123.34 paid as consideration for executing the Kouser Separation Agreement, plus the fees associated with the Withum clients serviced directly or indirectly by Kouser following his termination, plus the actual loss caused by Kouser's misappropriation of the trade secrets, plus any unjust enrichment caused by the misappropriation of the trade secrets;

F.      For liquidated damages for breaching the Schachter Employment Agreement, in an amount to be determined at trial but equal to the greatest aggregate fees for any twelve-month period for all Withum clients, at least twelve months preceding his departure, serviced by Schachter, directly or indirectly, after his departure;

G.      For liquidated damages for breaching the Kouser Employment Agreement, in an amount to be determined at trial but equal to the greatest aggregate fees for any twelve-month period for all Withum clients, at least twelve months preceding his departure, serviced by Kouser, directly or indirectly, after his departure;

H.      Disgorgement of all amounts earned by Schachter during periods of disloyalty, in an amount to be determined at trial;

I.      Disgorgement of all amounts earned by Kouser during periods of disloyalty, in an amount to be determined at trial;

J.      For statutory punitive damages against Schachter under the New Jersey Trade Secrets Act and the New Jersey Computer-Related Offenses Act;

K.      For statutory punitive damages against Kouser under the New Jersey Trade Secrets Act and the New Jersey Computer-Related Offenses Act;

L.      For punitive damages, due to Schachter's breaches of his duty of loyalty, and his unfair competition, in an amount to be determined at trial;

M.      For punitive damages, due to Kouser's breaches of his duty of loyalty, and his unfair competition, in an amount to be determined at trial;

N.      For the costs and disbursements of this action, including Withum's reasonable attorney's fees as a prevailing party, under the Schachter Separation and Employment Agreements, the New Jersey Trade Secrets Act, and the New Jersey Computer-Related Offenses Act;

O.      For reasonable attorney's fees incurred in connection with obtaining injunctive relief, under the Kouser Employment Agreement; and

P.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Withum hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  New York, New York
        May 13, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff*


By: _____
    David N. Kleinmann (DK 5452)
    475 Wall Street
    Princeton, NJ  08540
    Tel.: (609) 683-9494
    Fax: (609) 683-7490
            &
    1350 Broadway, 11th Floor
    New York, New York 10018
    Tel (212) 216-8000
    Fax (212) 216-8001
    Dkleinmann@tarterkrinsky.com

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Withum, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: New York, New York
       May 13, 2021

                                        **TARTER KRINSKY & DROGIN LLP**
                                        *Attorneys for Plaintiff*

                              By: _____
                                        David N. Kleinmann (DK 5452)
                                        475 Wall Street
                                        Princeton, NJ  08540
                                        Tel.: (609) 683-9494
                                        Fax: (609) 683-7490
                                                &
                                        1350 Broadway, 11th Floor
                                        New York, New York 10018
                                        Tel (212) 216-8000
                                        Fax (212) 216-8001
                                        Dkleinmann@tarterkrinsky.com

## LOCAL CIVIL RULE 201.1(d)(3) CERTIFICATION

Pursuant to Local Civil Rule 201.1(d)(3), Withum, through its attorneys, certifies that the damages recoverable exceed the sum of $150,000, exclusive of interest, costs, and any claims for punitive damages.

Dated: New York, New York
May 13, 2021

TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff*

By: _____
David N. Kleinmann (DK 5452)
475 Wall Street
Princeton, NJ  08540
Tel.: (609) 683-9494
Fax: (609) 683-7490
&
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Dkleinmann@tarterkrinsky.com